UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH PAUL LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LUHAN, et al.,<br><br>    Defendants. | No. 2:24-cv-01321-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### Screening Order

Plaintiff alleges that he was assaulted by defendant Correctional Officer Luhan and others. ECF No. 1 at 3. He has named Officers Chavez and Pohovich as defendants, but he does not mention these defendants in his description of the assault. Plaintiff alleges that he suffered a cervical sprain from the attack, along with back and shoulder pain and numbness in his right

1  hand. *Id.* Plaintiff claims that CSP-Sac nursing staff denied him proper medical attention after
2  the assault, providing care only after plaintiff submitted a grievance. *Id.* at 3-4. Plaintiff tried to
3  find out the identity of the staff who failed to provide care, but "to no avail." *Id.* at 4. After
4  submitting the grievance, plaintiff was given pain medication, x-rays, a muscle relaxant for a
5  week, and "five minutes of physical therapy." *Id.*

6       To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must
7  allege facts that show that a correctional officer used force against him maliciously and
8  sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.
9  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes
10 such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between
11 that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the
12 extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the
13 forceful response. *Id.* at 7. Construed liberally, and for the purposes of § 1915A, plaintiff has
14 stated a potentially cognizable excessive force claim against defendant Luhan.

15      Plaintiff has not stated a cognizable claim against defendants Chavez and Pohovich, as the
16 complaint lacks any factual allegations against these defendants.

17      To state an Eighth Amendment claim predicated on indifference to medical needs, a
18 plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's
19 response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.
20 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the
21 failure to treat the condition could result in further significant injury or the unnecessary and
22 wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison
23 official must both be aware of facts from which the inference could be drawn that a substantial
24 risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S.
25 825, 837 (1994). Plaintiff has not stated a cognizable claim against CSP-Sac medical staff for
26 violation of the Eighth Amendment, as he has not alleged that his injuries required immediate
27 treatment, that he was harmed by the delay in treatment, or that his caregivers inferred that a
28 delay in treatment (or the treatment he was ultimately provided) would subject plaintiff to a

substantial risk of serious harm.

Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct these deficiencies. Plaintiff is not obligated to amend the complaint; he may instead choose to proceed only on his claim against Luhan.

<u>Leave to Amend</u>

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, a potentially cognizable claim for violation of the Eighth Amendment against defendant Luhan.

4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH PAUL LOPEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>LUHAN, et al.,<br><br>        Defendants. | No. 2:24-cv-01321-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____  proceed only with the Eighth Amendment claim against Luhan.

OR

(2) _____  delay serving any defendant and file an amended complaint.

Dated: _____

                                                                                                                 Plaintiff