UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH PAUL LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LUHAN, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-01321-EFB (PC)<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court screened plaintiff's original complaint on July 17, 2025, finding a potentially cognizable Eighth Amendment excessive force claim against defendant Luhan. ECF No. 14. The court gave plaintiff the option of proceeding on the claim against Luhan or filing an amended complaint to attempt to cure the deficiencies in the complaint's remaining claims. Plaintiff has opted to, and has filed, an amended complaint. ECF No. 17.

<u>Motion for Extension of Time</u>

　　　　Plaintiff has shown good cause for not filing the amended complaint by the August 17, 2025 deadline set by the original screening order. ECF No. 15. Accordingly, the court will grant his request for an extension of time to file the amended complaint, nunc pro tunc.

////

////

1

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

////

Screening Order

Plaintiff alleges that he was assaulted by defendant Correctional Officer Luhan and others. ECF No. 16 at 3. Plaintiff has again stated a potentially cognizable Eighth Amendment excessive force claim against Luhan. As in the original complaint, he has named Officers Chavez and Pohovich as defendants, but he does not mention these defendants in his description of the assault or provide any facts at all concerning them. For this reason, the court dismissed plaintiff's claims against Chavez and Pohovich in the original screening order. Plaintiff states, "I cannot describe the correctional staff positions during the assault because after C/O Luhan pushed me forward . . . I couldn't see anything." ECF No. 16 at 3. Plaintiff need not describe defendants' positions, but he must allege some facts from which it could be concluded that Chavez and Pohovich were involved in the assault. As he has not done so, his claims against these defendants must again be dismissed. Plaintiff may attempt one last time to amend this claim, or he may proceed on his claim against Luhan. If Chavez and Pohovich participated in the assault, plaintiff must say so in his complaint and state what facts he is aware of as to their involvement. If plaintiff does not currently know the identities of other correctional staff involved in the assault, he may move to amend the complaint at a later date to name officers he has identified through prison administrative processes, discovery in this action, or any other method.

Plaintiff has again failed to state a claim against prison medical staff concerning the care he received following the assault. To state an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has again failed to allege that his injuries required immediate and/or different treatment, that he was harmed by the delay in

1 and/or deficient treatment, or that his caregivers inferred that a delay in treatment (or the
2 treatment he was ultimately provided) would subject plaintiff to a substantial risk of serious harm.
3    Plaintiff will be provided one more opportunity to amend the complaint to attempt to
4 correct these deficiencies. Plaintiff is not obligated to amend the complaint; he may instead
5 choose to proceed only on his claim against Luhan.

Leave to Amend

7    If plaintiff chooses to file an amended complaint, he should note that any amended
8 complaint must identify as a defendant only persons who personally participated in a substantial
9 way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th
10 Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act,
11 participates in another's act or omits to perform an act he is legally required to do that causes the
12 alleged deprivation).

13    Further, any amended complaint must be written or typed so that it so that it is complete in
14 itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an
15 amended complaint supersedes any earlier filed complaint, and once an amended complaint is
16 filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v.
17 Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,
18 the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th
19 Cir. 1967)).

20    The court cautions plaintiff that failure to comply with the Federal Rules of Civil
21 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
22 *See* Local Rule 110.

Conclusion

24    Accordingly, IT IS ORDERED that:
25    1. Plaintiff's motion for extension of time (ECF No. 15) is GRANTED nunc pro tunc.
26    2. Plaintiff has stated a potentially cognizable claim for violation of the Eighth
27       Amendment against defendant Luhan.
28    3. All other claims are dismissed with leave to amend **within 30 days** of service of this

4

order.  Plaintiff is not obligated to amend his complaint.

4. **Within 21 days** plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time.

5. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: November 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH PAUL LOPEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>LUHAN, et al.,<br><br>        Defendants. | No. 2:24-cv-01321-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____  proceed only with the Eighth Amendment claim against Luhan.

OR

(2) _____  delay serving any defendant and file a second amended complaint.

_____
                              Plaintiff

Dated: