UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIJAH PAUL LOPEZ,

Plaintiff,

v.

LUHAN, et al.,

Defendants.

No. 2:24-cv-01321-EFB (PC)

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court screened plaintiff's original complaint on July 17, 2025, finding a potentially cognizable Eighth Amendment excessive force claim against defendant Luhan. ECF No. 14. The court gave plaintiff the option of proceeding on the claim against Luhan or filing an amended complaint to attempt to cure the deficiencies in the complaint's remaining claims. Plaintiff opted to file an amended complaint. ECF No. 16. The court again found a potentially cognizable claim against defendant Luhan, dismissed plaintiff's other claims, and gave plaintiff another opportunity to amend. ECF No. 17. Plaintiff has filed a second amended complaint which is screened herein. ECF No. 19.

////

////

////

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

////

Screening Order

Plaintiff alleges that he was assaulted by defendant Correctional Officer Luhan, Chavez, and Pohovich. ECF No. 19 at 3. Plaintiff has stated potentially cognizable Eighth Amendment excessive force claims against Luhan, Pohovich, and Chavez.

Plaintiff has again failed to state a claim against prison medical staff concerning the care he received following the assault. To state an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has again failed to allege that his injuries required immediate and/or different treatment, that he was harmed by the delay in and/or deficient treatment, or that his caregivers inferred that a delay in treatment (or the treatment he was ultimately provided) would subject plaintiff to a substantial risk of serious harm.

Because plaintiff has been provided explicit instructions and the opportunity to amend his claim against medical staff and has failed to remedy the deficiencies in pleading the claim, the undersigned recommends that the claim be dismissed without further leave to amend.

////

////

////

////

////

////

////

////

Conclusion

Accordingly, IT IS ORDERED that:

1. The Clerk of Court randomly assign a district judge to this action.
2. Plaintiff's second amended complaint has stated potentially cognizable claims for violation of the Eighth Amendment against defendants Luhan, Pohovich, and Chavez.

It is RECOMMENDED that plaintiff's claim against "CSP-Sac Medical Nursing Staff" be dismissed without prejudice and without further leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE